UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
In re:
MARLENE BEN-BARUCH,

          Appellant,

  -against-

ISLAND PROPERTIES, et al.

          Appellees.
----------------------------------------X
In re:
MARLENE BEN-BARUCH,

          Appellant,

  -against-

PRYOR, et al.

          Appellees.
----------------------------------------X

**OPINION & ORDER**

05-CV-5684 (SJF)

06-CV-1183 (SJF)

FEUERSTEIN, J.

I.   Introduction

    On July 26, 2006, the Court granted Robert L. Pryor's ("Appellee"), the Chapter 7 Trustee of the bankruptcy estate of Marlene Ben-Baruch ("Appellant"), motion to dismiss Appellant's two (2) appeals from the United States Bankruptcy Court for the Eastern District of New York (Bernstein, J.). Appellant now moves for vacatur pursuant to Federal Rule of Civil Procedure 60(b)(6). Alternatively, Appellant moves, pursuant to Federal Rule of Bankruptcy Procedure 9006, for an extension of time to file a designation of the record on appeal as required by Federal Rule of Bankruptcy Procedure 8006. For the reasons set forth below, Appellant's motion is denied.

1

II.  Discussion

    1.    Motion for Vacatur

Appellant filed her motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") as made applicable to bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."). She essentially seeks reconsideration of the Court's July 26, 2006 Order.

Appeals of bankruptcy judgements to district courts are governed by Part VIII of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 8001-8020. Part VIII does not incorporate Fed. R. Civ. P. 60. Moreover, Fed. R. Civ. P. 81(a) proscribes the application of the Federal Rules of Civil Procedure to bankruptcy proceedings unless they are specifically made applicable by a provision of the Federal Rules of Bankruptcy Procedure. Fed. R. Civ. P. 81(a).[1] See In re Lisanti Foods, Inc., No. 04-3868, 2006 WL 2927619, at *2 (D. N.J. Oct. 11, 2006).

Although Rule 60 is made applicable to cases under the Bankruptcy Code by Bankruptcy Rule 9024, it applies only to judgments or orders of the bankruptcy court, and not to judgments or orders of a district court exercising appellant jurisdiction in a bankruptcy case. See Aycock v. Eaton (Matter of Eichelberger), 943 F.2d 536, 538 n. 3 (5th Cir.1991); Butler v. Merchs. Bank & Trust Co. (Matter of Butler), 2 F.3d 154, 155 (5th Cir. 1993); In re Lisanti Foods, Inc., No. 04-3868, 2006 WL 2927619, at *2 (D. N.J. Oct. 11, 2006); In re Brenner, Nos. 89-8322, 1991 WL 239942, at *1-2 (E.D. Pa. Nov. 8, 1991); In re Conn Aire, Inc., 91 B.R. 462, 462 n. 2 (M.D. Tenn. 1988); In re Shiflett, No. 87-719, 1988 WL 62508, at *1 (D. Md. June 9, 1988). See also

---

[1] Fed. R. Civ. P. 81(a) provides: "These rules . . . apply to proceedings in bankruptcy to the extent provided by the Federal Rules of Bankruptcy Proceedings."

2

English-Speaking Union v. Johnson, 353 F.3d 1013, 1019 (D.C. Cir. 2004) (discussing rationales in support while declining to resolve issue).

Bankruptcy Rule 8015 governs Appellant's motion. See Matter of Butler, 2 F.3d at 155 (quoting Matter of Eichelberger, 943 F.2d at 538) ("When the district court is acting as an appellate court in a bankruptcy case, 'Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing.'"). See also In re Zegeye, No. 2004-1387, 2005 WL 544763, at *1 (D. Md. March 4, 2005). Therefore, the Court will treat Appellant's request for relief as a motion for rehearing pursuant to Bankruptcy Rule 8015.

Pursuant to Bankruptcy Rule 8015, a motion for rehearing must be filed within ten (10) days after entry of judgment by the district court, unless a court's order or local rules provide otherwise. Fed. R. Bankr. P. 8015.[2] Local Rule 6.3 sets a 10 (ten) day filing requirement for motions for reconsideration and rehearing. Local Rule of the United States District Courts for the Southern and Eastern Districts of New York 6.3. Thus, under either Bankruptcy Rule 8015 or Local Rule 6.3, a motion for reconsideration or rehearing must be filed within ten (10) days of entry of judgment.

The computation of time periods in bankruptcy proceedings is governed by Bankruptcy Rule 9006(a). See Williams v. EMC Mortgage Corp. (In re Williams), 216 F.3d 1295, 1297 n. 3 (11th Cir. 2000); Matter of Eichelberger, 943 F.2d at 539; In re Singer Co. N.V., No. M-47,

---

[2] Fed. R. Bankr. P. 8015 provides:
    Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

3

2002 WL 10452, at *1 (S.D.N.Y. Jan. 3, 2002). Under Rule 9006(a), when the time prescribed is more than eight (8) days, the day of the act or event (here, entry of judgment) is excluded; intermediate Saturdays, Sundays and legal holidays are included; and the last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or a day in which the clerk's office is inaccessible due to weather or other conditions. Fed. R. Bankr. P. 9006(a).[3]

In this case, the Clerk's judgment of dismissal was dated Wednesday, July 26, 2006, but not entered until Tuesday, August 8, 2006. Dkt. No. 17. Excluding August 8, and including the intermediate Saturday and Sunday (there were no legal holidays), as well the last day of the ten (10) day computation, Appellant's motion was due no later than Friday, August 18, 2006, which was neither a legal holiday, nor a day in which the clerk's office was inaccessible.

Appellant filed her motion on Friday, August 25, 2006, seventeen (17) days after entry of the judgment dismissing her appeal, and seven (7) days after the applicable deadline. Appellant made no request for extension prior to the expiration of the deadline, nor did she provide in her motion papers any facts or argument that would justify accepting her late filing of this motion based on excusable neglect under Bankruptcy Rule 9006(b)(1). See generally Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). Therefore, Appellant's motion is

---

[3] Fed. R. Bankr. P. 9006(a) provides, in relevant part:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation

denied as untimely.

2.  Motion for Extension of Time to File Designation

Alternatively, Appellant moves, pursuant to Bankruptcy Rule 9006, for an extension of time, *nunc pro tunc*, to file a designation of the record on appeal as required by Bankruptcy Rule 8006.[4] The filing requirement under Bankruptcy Rule 8006 are "quite clear." Lynch v. United States (In re Lynch), 430 F.3d 600, 604 (2d Cir. 2005). Nevertheless, under Bankruptcy Rule 9006(b)(1), a Court may accept a late filing notwithstanding a missed deadline if the failure to file on time was the result of excusable neglect. Fed. R. Bankr. P 9006(b)(1).[5] See Lynch, 430 F.3d at 603.[6] Despite Appellant's failure to move for leave to file an untimely designation in her original proceeding before this Court,[7] the Court addressed the excusable neglect standard and concluded that Appellant had not satisfied the standard.[8] Appellant's fails to point to controlling decisions or data that the Court overlooked or misapplied in reaching its original decision.

---

[4] Appellant has not previously moved for an extension of time to file a designation of the record on appeal.

[5] Fed. R. Bankr. P. 9006(b)(1) provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

[6] Cf. In re Harris, 464 F.3d 263, 270 n. 5 (2d Cir. 2006) (Bankruptcy Rule 9006 and Lynch's holding not at issue because "[u]nlike the situation in Lynch, Harris *did* file a timely record and designation. Because it was the contents of the filings that were at issue rather than the timeliness of the filings, Rule 9006, which concerns when a court should excuse a missed deadline, is not applicable.") (italics in original).

[7] See In re Ben-Baruch, No. 05-CV-5684, slip op at 4 (E.D.N.Y. July 26, 2006) ("In this case, the Debtor has *never* moved for leave to file an untimely designation and statement.") (emphasis in original).

[8] Id. at 5 n. 3.

5

Therefore, Appellant's motion is denied.

III.  Conclusion

For the reasons stated above, Appellant's motion for vacatur, or in the alternative for an exertion of time to file a designation of the record on appeal, is DENIED.

IT IS SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: February 1st, 2007
Central Islip, New York

To:

Gary M. Kushner
330 Old Country Road
P.O. Box 31
Mineola, NY 11501

Marlene Ben-Baruch
106 Turtle Cove Lane
Huntington, NY 11743

Joseph L. Grosso
45 Sarah Drive
Farmingdale, NY 11735

Teresa Gaffney
Gullen & Dykman
100 Quentin Roosevelt Blvd.
Garden City, NY 11530

Robert L. Pryoer
Anthony F. Giuliano
Pryor & Mandelup, L.L.P.
675 Old Country Road
Westbury, NY 11590